IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CARLSON ENTERPRISES, INC., | |
|---|---|
| Plaintiff, | 8:18-CV-396 |
| vs. | ORDER |
| ACUITY INSURANCE COMPANY, | |
| Defendant. | |

This matter is before the Court on the defendant's Motion to Set Aside Entry of Default (filing 11). No response has been filed in opposition to the defendant's motion. The motion is granted.

The procedural history of this case is not complex. The plaintiff filed its complaint (filing 1) on August 20, 2018. Service of process was effectuated on August 21, 2018. Filing 7. The defendant's answer was due on September 12, *see* Fed. R. Civ. P. 12(a)(1), but no answer was filed. On September 20, the plaintiff moved for default judgment, which was denied, but the clerk's entry of default was entered the same day. Filing 8; filing 9; filing 10. Notice of the clerk's entry of default was mailed to the defendant on September 20, and on September 25 the present motion to set aside the entry of default was filed. Filing 11. The plaintiff does not object to the motion to set aside entry of default. Filing 15.

Fed. R. Civ. P. 55(c) provides that the Court "may set aside an entry of default for good cause. . . ." When examining whether good cause exists, the Court weighs whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused. *Stephenson v. El-Batrawi,* 524 F.3d 907, 912 (8th Cir. 2008). And although the same factors

are typically relevant in deciding whether to set aside entries of default and default judgments, relief from a default judgment requires a stronger showing of excuse than relief from a mere default order. *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998).

Here, the defendant's explanation for default is that its counsel was out of the office for several days following its receipt of the claim file resulting in its failure to file a timely response. Filing 11 at 1. While this does not exonerate them, it is understood that relief from a default may be available even when the failure to comply with the filing deadline is attributable to negligence. *Ceridian Corp. v. SCSC Corp.,* 212 F.3d 398, 403 (8th Cir. 2000). And the Eighth Circuit draws a distinction between contumacious or intentional delay or disregard for deadlines and procedural rules, and a "'marginal failure'" to meet pleading or other deadlines. *Johnson,* 140 F.3d at 784.

In this case, the evidence shows a "good faith, relatively brief default in the filing of an initial pleading, caused by poor communication" between the defendant and its counsel. *See id.* The defendant has also alleged the existence of several meritorious defenses to the plaintiff's claim, and obviously, the plaintiff's failure to oppose the defendant's motion means that the merits of those defenses are uncontested for purposes of this motion. Along the same lines, the plaintiff's failure to oppose the motion means that there is no basis for concluding that the plaintiff has been prejudiced in a "concrete way," *see Stephenson,* 524 F.3d at 915, given that "prejudice may not be found from delay along or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson,* 140 F.3d at 785. Therefore,

IT IS ORDERED:

1. The plaintiff's Motion to Set Aside Entry of Default (filing 11) is granted.

2. The defendant's Unopposed Motion to Set Aside Default (filing 15) is granted.

3. The Clerk's Entry of Default (filing 10) is set aside.

Dated this 2nd day of October, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge